UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-522-H

JOHN COLEMAN, et al., individually and
on behalf of all others similarly situated                                    PLAINTIFFS

V.

FEDEX GROUND PACKAGE SYSTEM, INC.                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER
APPROVING FINAL SETTLEMENT
AND ATTORNEY'S FEES**

On June 20, 2013, Plaintiffs, John Coleman, William Cress, Barry Hindman, and George Sanders (collectively, "Plaintiffs"), on behalf of themselves and the Certified Class, and Defendant, FedEx Ground Package System, Inc., and its consolidated subsidiaries, successors, predecessors, assigns, affiliates, parent companies, shareholders, officers, directors, agents, insurers, attorneys, and employees ("FXG") (collectively, the "Parties"), entered into a settlement agreement ("Settlement Agreement" or "Agreement").

The "Certified Class" means the class of persons certified by the United States District Court for the Northern District of Indiana on March 25, 2008, as amended by this Court on July 17, 2013, under Federal Rule of Civil Procedure 23(b)(3), defined as:

> All persons who: 1) entered or will enter into an FXG Ground or FXG Home Delivery form Operating Agreement; 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) from September 13, 2000 through the date this Final Approval Order is issued, to provide package pick-up and delivery services pursuant to the Operating Agreement; and 3) were dispatched out of a terminal located in Kentucky or provide(d) pick-up and delivery services within Kentucky.

The Parties have submitted the Settlement Agreement to this Court for preliminary approval (the "Settlement"). On July 24, 2013, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order"), and on July 29, 2013, issued a Revised Order Granting Preliminary Approval to Class Action Settlement ("Revised Preliminary Approval Order").

The Parties and the Certified Class[1] have submitted to the jurisdiction of the Court for purposes of the Settlement. The Court has personal jurisdiction over the Parties and the Certified Class Members. Moreover, the Court has jurisdiction to release all claims and causes of action released in the Settlement, and it has jurisdiction to approve the Settlement.

The matter has now come before the Court after a hearing on October 17, 2013, on the Parties' request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter. The Court has considered the submissions of the parties and the recently concluded hearing. The Court makes the following findings, which are consistent, for the most part, with the submissions of the parties.

**I.**

The Preliminary Approval Order approved: (1) the form and content of a mailed notice of the Settlement to be provided to Notified Class Members (the "Mailed Settlement Notice"); (2) the form and content of a mailed notice of the pendency of this class action and the Settlement to be provided to Unnotified Class Members (the "Mailed Class and Settlement Notice"); (3) the form and content of the Identification Form; and (4) the plans specified in the Settlement Agreement for distributing the Mailed Settlement Notice, the Mailed Class and Settlement Notice, and Forms to the Certified Class. The Mailed Settlement Notice, Mailed Class and

---

[1] Unless otherwise indicated, all capitalized terms in this Order have the meanings set forth in the Settlement Agreement (DN 66-4).

Settlement Notice, and Identification Form fairly, accurately, and reasonably informed Certified Class members of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; (3) appropriate information about, and means for submitting, claims for compensation; (4) appropriate information about the right to object to the terms of the Settlement Agreement and the procedures to do so; and (5) appropriate information about the right of Unnotified Class Members to exclude themselves from the Class and the procedures to do so.

For the following reasons, the Court continues to believe that all these notices fairly and adequately informed members of the Certified Class that failure to complete and submit an Identification Form and W-9 Form in the manner and time specified would constitute a waiver of any right to obtain any compensation under the Settlement. These notices also fairly and adequately informed members of the Certified Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have this Court consider any objection at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement. These notices also fairly and adequately informed members of the Certified Class that they may enter an appearance through an attorney if the member so desires.

The notices also clearly and concisely informed Unnotified Class Members of the nature of this action, the definition of Certified Class, the claims in the matter, and the Court's rulings on the same. In addition, they provided adequate notice that the Court would exclude from the Certified Class any member who requested exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on the Class Members.

The plan specified in the Preliminary Approval Order for distributing the Mailed Settlement Notice/Mailed Class and Settlement Notice and Identification Form has been implemented and seems to have provided the best notice practicable under the circumstances of this case. It has provided reasonable actual notice of the Settlement to the Certified Class. It required the Parties to mail, by first-class United States Mail, to all members of the Certified Class a copy of the Mailed Settlement Notice/Mailed Class and Settlement Notice and Identification Form. It required that, before the Settlement Administrator mailed such copies, the Parties had to obtain, or cause to be obtained, address updates utilizing a National Change of Address database. In addition, FXG caused the Settlement Administrator to mail on September 13, 2013 reminder postcards to all members of the Certified Class who had not submitted Forms as of that date.

Based on the foregoing, the Court concludes that members of the Certified Class received the best notice practicable of the Settlement (and, where applicable, their membership in the Certified Class) and that such notice satisfies all requirements of federal law and due process.

## II.

The Court is very familiar with the action as remanded from the multidistrict litigation transferee court, having conducted numerous conferences and having resolved several remaining substantive issues.

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides specified compensation to each Eligible Class Member who timely submitted a valid, complete Identification Form and W-9 Form. The Settlement Agreement provides compensation to the Class Members in amounts exceeding the

estimated amount of cargo claim deductions taken from their compensation, even though FXG has at all times disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and denies any liability for any of the claims that have been alleged by Plaintiffs. Consequently, they will achieve substantial success under difficult circumstances.

Considerable risk would result from a failure to adopt this settlement. FXG could successfully appeal the decisions entered in Plaintiffs' favor in this matter, including the finding that they and those similarly-situated were employees for purposes of the Kentucky Wage Payment Act. This could entail a substantial length of time for Class Members, or any group of Class Members, to obtain a final judgment through one or more trials and appeals.

The Parties have reached the Settlement after vigorous litigation, significant investigation and both formal and informal discovery conducted by Plaintiffs, Class Counsel, and FXG, and an arm's-length negotiation. The Court also finds no suggestion of improper collusion among the Parties. Another significant benefit of the settlement is that FXG has agreed to pay an amount certain to all qualifying Class Members. If some Class Members fail to respond, the remaining responding members will share on a pro rata basis.

Considering all these circumstances, the Court concludes that the Settlement is fair, reasonable, and adequate. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Order and Judgment, including the Definitions set forth in the Settlement Agreement.

**III.**

The Preliminary Approval Order established protocols for the submission of claims, adjudication of claims by the approved Settlement Administrator, Rust Consulting, Inc., and compensation for claims finally determined to be Valid Claims. The Court reincorporates those

protocols herein, and for the purposes of completing the administration of the Settlement. The Court concludes that these procedures and protocols are reasonable and fair. Among those protocols are the following.

**A**.

If, after 45 days from the entry by this Court of this Order and Judgment, no notice of appeal of this Judgment or any Order in this case has been filed (except for an appeal addressing solely the Court's ruling on the Fee and Expense Application), the time provided for in Rule 4 of the Federal Rules of Appellate Procedure to take any such appeal has expired, and any right to take any such appeal from this Judgment or from any such Order has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and this Order and Judgment have been upheld in all respects by each such final adjudication, the Settlement Administrator shall, as soon as thereafter reasonably practicable, but within no more than 10 additional business days: (a) adjudicate all Forms submitted in connection with the Settlement; and (b) after all Forms have been adjudicated by the Settlement Administrator as constituting either Valid Claims or not Valid Claims, do each of the following: (i) send to FXG and Class Counsel a list of the names and addresses of all Class Members who have submitted Forms and whose Forms the Settlement Administrator has determined to be Valid Claims ("the Valid Claims List") and a separate list of all claims determined by the Settlement Administrator not to be Valid Claims ("the Denied Claims List"); and (ii) send, by first-class United States Mail, to all claimants whose claims have been determined by the Settlement Administrator not to be Valid Claims, notice that their claims have been denied.

**B.**

If, after 45 days from the entry by this Court of this Order and Judgment, no notice of appeal of this Judgment or any Order in this case has been filed (except for an appeal addressing solely the Court's ruling on the Fee and Expense Application), the time provided for in Rule 4 of the Federal Rules of Appellate Procedure to take any such appeal has expired, and any right to take any such appeal from this Judgment or from any such Order has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and this Order and Judgment have been upheld in all respects by each such final adjudication, the Settlement Administrator shall, as soon as thereafter reasonably practicable, but within no more than 10 additional business days: Mail, by first-class United States Mail, to claimants the Settlement Administrator has determined submitted Valid Claims, checks drawn on a Qualified Settlement Fund it will establish, and which shall be funded, as needed, by FXG, in the sum determined by Class Counsel pursuant to Section III.A of the Agreement. The Settlement Administrator will prepare and deliver IRS Form 1099-MISCs to Class Members who receive settlement payments.

**C.**

If, after 30 days from the entry by this Court of this Order and Judgment, no notice of appeal of this Judgment or any Order in this case has been filed (except for an appeal addressing solely the Court's ruling on the Fee and Expense Application), the time provided for in Rule 4 of the Federal Rules of Appellate Procedure to take any such appeal has expired, and any right to take any such appeal from this Judgment or from any such Order has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and this Order and Judgment have been upheld in all respects by each such final adjudication, the Settlement Administrator shall, as soon as thereafter reasonably practicable, but within no more than 30

days after the payment of all Valid Claims for monetary compensation by the Settlement Administrator, provide to FXG and Class Counsel a statement of the total number of claims submitted, the total number of claims adjudicated as Valid Claims, and the total dollar amount paid to Class Members (the "Final Accounting").

**D.**

If any party, objector, claimant, or other person files any notice of an appeal from this Order and Judgment, the payments that, in the absence of such a notice of appeal, would have been required to be made within the times specified herein shall not be due within those times and instead shall be due within 30 days after this Order has been finally adjudicated and this Order and Judgment have been upheld in all respects by each such final adjudication.

**IV.**

The Court now considers the Class Counsel's request for attorneys' fees and costs and incentive awards. As specified in the Settlement Agreement, they have requested (1) an award of attorneys' fees and costs in the amount of three hundred and eighty-five thousand dollars $385,000; and (2) an incentive award to Plaintiffs of $3,500 above what they are otherwise eligible for under Section III of the Agreement for bringing this Lawsuit and representing the Certified Class.

**A.**

The requested attorneys' fees and costs reflect extensive work done over the course of eight years of litigation, six of those in the MDL litigation in the Northern District of Indiana and two in the present Court.[2] In settlements of claims brought under fee-shifting statutes like the KWPA, there is no requirement that the award of attorney's fees be proportional to the amount of the underlying damage award. Instead, the "overriding requirement is that the award 'be

---

[2] A detailed summary of the work completed by Class Counsel can be found at DN 74-1, pp. 3-4.

reasonable under the circumstances.'" *See Lowther v. AK Steel Corp.*, 2012 WL 6676131, at *1 (S.D. Ohio Dec. 21, 2012) (citations omitted). Class Counsel has demonstrated that its request of $385,000 is reasonable under the circumstances.

In calculating a lodestar fee to demonstrate the fairness of the amount requested, Class Counsel fairly attributed only 2% of total MDL hours to work done for the Kentuckians comprising the Plaintiff Class—the percentage of the total MDL Class that the Kentucky Class represents. The substantial common work done in the MDL litigation that either directly or indirectly benefitted the Kentucky Class makes this a conservative and fair figure.

Additionally, Class Counsel's requested fee discounts its estimated lodestar by 72% to account for the relatively modest level of success Plaintiffs had on the remanded claims. While Plaintiffs will recover more than 100% of the cargo claim deductions on behalf of the Plaintiff Class, they did not prevail on their claims to recoup several significant categories of deductions made from their wages.

The length and complexity of the underlying litigation, the skill and experience of the attorneys involved, and the reasonableness with which Class Counsel has allocated fees and costs lead the Court to conclude that an award of $385,000 for fees and costs is both fair and proper in this case. Bolstering this conclusion is the fact that neither opposing counsel nor any Class Member opposes Class Counsel's motion.

Finally, in light of the Named Plaintiffs' cooperation and assistance in this case, along with the benefit they helped secure for absent Class Members, an incentive award of $3,500 per Named Plaintiff is fair and appropriate. *See In re Skechers Toning Shoe Prod. Liab. Litig.*, 2013 WL 2010702, at *14 (W.D. Ky. May 13, 2013) (listing three factors that district courts in the

Sixth Circuit have used to evaluate the propriety of a service award). The service awards in no way affect the amount of compensation each Class Member is entitled.

**B**.

If, after 45 days from the entry by this Court of this Order and Judgment, no notice of appeal of this Judgment or any Order in this case has been filed, the time provided for in Rule 4 of the Federal Rules of Appellate Procedure to take any such appeal has expired, and any right to take any such appeal from this Judgment or from any such Order has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and this Order and Judgment have been upheld in all respects by each such final adjudication, and FXG has received all necessary tax documentation from Plaintiffs and Class Counsel, FXG shall, as soon as thereafter reasonably practicable, but within no more than 10 additional business days: pay to Class Counsel and Plaintiffs the amounts specified in the Settlement Agreement for attorneys' fees, costs, and the incentive awards.

**V.**

The Settlement Agreement establishes various provisions for dismissal, enforcement and appeal of the settlement and this Order. Among those are the following, all of which the Court finds fair, reasonable and ordinary under the circumstances.

**A.**

All Class Members of the Certified Class, including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all of the Released Claims they have or may have, or that any business entities they control or controlled that contracted with FXG have or may have, against the Releasees.

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement, the Preliminary Approval Order, the Revised Preliminary Approval Order, or this Order shall be construed, deemed, or offered as an admission by any of the Parties for any purpose in any action or proceeding of any kind. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

**B.**

Plaintiffs and Class Members are hereby found, deemed, and adjudged to have (a) covenanted and agreed that neither they, nor anyone authorized to act on their behalf, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against Releasees, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by Releasees, or any of them, in connection with the Released Claims; (b) waived and disclaimed any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by or on behalf of them; and (c) agreed that the Settlement shall be a complete bar to any such action.

**C.**

Upon the entry of this Order and Judgment, (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Class Members with respect to all Released Claims of Class

Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal court, state court, arbitration, forum or tribunal, any Released Claim. Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

**D.**

If, after the entry by this Court of this Judgment, a notice of appeal of this Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Order and Judgment is in any respect invalid, contrary to law, or unenforceable, the Settlement Agreement shall be null and void, and the Parties shall return to their respective positions in this case as those positions existed immediately before the execution of the Settlement Agreement, unless FXG and Plaintiffs elect to exercise the waiver option provided by Section XI.A of the Settlement Agreement.

**VI.**

The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the payment of Valid Claims as provided by the Preliminary Approval Order, the Revised Preliminary Approval Order, and by this Order, as well as all other matters relating to the administration and consummation of the Settlement.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court adopts all of the findings in this Memorandum Opinion and the Settlement Agreement which is incorporated by reference.

IT IS FURTHER ORDERED that all claims alleged in the complaints filed in this action are DISMISSED WITH PREJUDICE. The Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Judgment implement and enforce its terms in their entirety.

IT IS FURTHER ORDERED that Class Counsel are awarded attorney's fees in the amount of $ 385,000.00.

This is a final order.

cc:   Counsel of Record